**FORT PIERCE MEMORIAL HOSPITAL, Inc. v. COHEN, et ux.**
No. 68-1-2252.
Small Claims Court, St. Lucie County.
February 19, 1968.

Brown & Alderman, Fort Pierce, for the plaintiff.

Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for the defendants.

WILLIAM G. TYE, Judge.

This cause came on regularly to be heard before this court without the intervention of a jury on a statement of claim heretofore filed. At the time regularly set for the hearing the defendant appeared and asked that the cause be transferred to the circuit court of the eighteenth judicial circuit by virtue of a counterclaim filed herein on the day before the hearing. The plaintiff objected, stating that the counterclaim was untimely filed, citing Summary Claims Procedure Rule 7.100. The plaintiff stated that the counterclaim was compulsory in nature and was in fact filed only one day before the hearing on the principal claim.

This court is well aware of the practice of filing a counterclaim at the time of hearing, this making the plaintiff an uninformed party to unanticipated litigation. Rule 7.100(a) is designed specifically to prohibit this practice. The rule contemplates that notice shall be given to all parties for a hearing on any claim before the court.

When a counterclaim exceeds the jurisdiction of the court there is nothing to be heard and the element of surprise is lacking. Summary Claims Procedure Rule 7.100(d) is exact in its wording. It provides that a counterclaim shall be filed in writing *before or at* the hearing and the action shall then be transferred to the court having jurisdiction. The specific wording of section (d), Rule 7.100, is to the exclusion of the wording of section (a), Rule 7.100. It is the opinion of the court that a counterclaim whether permissive or compulsory which exceeds the jurisdiction of this court need not be filed five days prior to the hearing date, but may be filed at the hearing date and when accompanied with the filing fee of the transferred court, must. as a matter of statute, be transferred to that court.

It is therefore upon consideration ordered that this cause be and the same is hereby transferred to the circuit court of St. Lucie County in and for the eighteenth judicial circuit of Florida.